**Ranaldo JOHNS,\* Plaintiff–Appellant,**

**v.**

**HOME DEPOT USA, INC., also known as Home Depot, Inc., Robert L. Nardelli, Chairman/President/CEO of Home Depot, Inc., Ken Williams, District Manager of Home Depot, Yvette Williams, Store Manager of Home Depot, Ray Rock, Store Manager of Home Depot, Mahan Jobie, Employee of Home Depot, Suzette Anderson, Employee of Home Depot, Employee**

---

\* The Clerk is directed to amend the official caption to reflect the correct spelling of

Johns's name as reflected in the docket of the District Court.

of Home Depot, Assistant Store Mgr. Gus, Ed Schaffer, Assistant Store Manager, Assistant Store Mgr. John Valendez, Defendants–Appellees.

No. 05–1594.

United States Court of Appeals, Second Circuit.

April 11, 2006.

Ranaldo Johns, Bronx, NY, for Appellant, pro se.

Debra S. Morway, Morgan, Lewis & Bockius LLP, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 11th day of April, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Plaintiff Ranaldo Johns appeals from a March 9, 2005 judgment of the District Court dismissing all claims against all defendants on the basis of a motion filed by defendants Home Depot and Yvette Williams.

We assume the parties' familiarity with the underlying facts and procedural history.

Johns filed an amended complaint on September 26, 2003 charging Home Depot and various company employees with racial discrimination in violation of Title VII of the Civil Rights Act of 1964, racial discrimination in violation of 42 U.S.C. § 1981, racial discrimination under the New York State Human Rights Law, intentional and negligent infliction of emotional distress, libel, defamation, and violation of his rights under the Fourth Amendment to the Constitution of the United States.

Substantially for the reasons stated in the thoughtful and comprehensive opinion of the District Court of March 4, 2005, we conclude that summary judgment for the defendants was appropriate for all the claims in the amended complaint.

We have carefully considered all of Johns's arguments and find them without merit. The judgment of the District Court is **AFFIRMED.**